**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 26, 2025

LETTER TO ALL COUNSEL OF RECORD

Re: *Shackema J. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
Civil No. 24-0967-CDA

Dear Plaintiff and Counsel:

On April 3, 2024, Plaintiff Shackema J. ("Plaintiff"), proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). On May 30, 2024, the Commissioner moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. ECF 9. Plaintiff did not file any response. I have considered the parties' filings (ECFs 1 and 9). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Commissioner's motion is GRANTED.

The Commissioner argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's filing of her complaint is untimely. ECF 9-1, at 4-7. Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling [her] to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)). The Court appropriately considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, I will consider the Commissioner's attached Declaration of Janay Podraza,

---

[1] Plaintiff filed this case against "Commissioner, Social Security," on April 3, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, ("Podraza Decl."), and the accompanying exhibits. ECF 9-2. Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[2] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's motion to dismiss, or alternatively for summary judgment, ECF 9, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF 10. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Janice D. v. Kijakazi*, No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Plaintiff did not respond after the Rule 12/56 notice was mailed on May 31, 2024. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion and the information in the Rule 12/56 notice, that the Commissioner's motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate. *See, e.g.*, *Janice D.*, 2023 WL 5509314; *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere

---

[2] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, Md., 684 F.3d 462 (4th Cir. 2012).

speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, Plaintiff received supplemental security income benefits based on disability as a child. ECF 9-1, at 1; *see* Ex. 1, at 4. As required by 20 C.F.R. § 416.987, Plaintiff's eligibility for these disability benefits was redetermined under the rules for determining disability in adults when Plaintiff attained age 18. ECF 9-1, at 1; *see* Ex. 1, at 4. Plaintiff was determined to be no longer disabled as of December 23, 2020, both initially and on reconsideration. ECF 9-1, at 1; *see* Ex. 1, at 4. On May 10, 2023, an Administrative Law Judge determined that Plaintiff's disability ended on December 23, 2020, and had not become disabled again since that date. Podroza Decl. ¶ 3(a); *see* Ex. 1, at 14. On January 22, 2024, the Appeals Council denied Plaintiff's request for review. Podroza Decl. ¶ 3(a); *see* Ex. 2. The Appeals Council sent by mail to Plaintiff notice of its action and of the right to commence a civil action within sixty (60) days from the date of receipt. Podroza Decl. ¶ 3(a); *see* Ex. 2, at 3. Nothing in the record indicates that Plaintiff requested an extension of time to file a civil action. *See* Podroza Decl. ¶ 3(b). On April 3, 2024, Plaintiff filed a complaint in this Court, requesting judicial review under 42 U.S.C. § 405(g). ECF 1; Podroza Decl. ¶ 3(c).

"Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute." *Tlee C. v. Saul*, No. DLB-19-3585, 2020 WL 3268529, at *1 (D. Md. June 17, 2020) (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). A claimant appealing an adverse disability determination by the SSA must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations" subject to equitable tolling in the rare circumstances where appropriate. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)); *see Hyatt v. Heckler*, 807 F.2d 376, 378 380 (4th Cir. 1986).

"The limitations period must [ ] be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines." *Tlee C.*, 2020 WL 3268529, at *1. "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (footnotes omitted); *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96 (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, (1984)); *see also Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000).

Here, the Commissioner argues that Plaintiff's complaint should be dismissed as untimely because her complaint was filed outside of the 60-day timeframe created by 42 U.S.C. § 405(g). ECF 9-1 at 2, 4-7. The Commissioner posits that Plaintiff did not seek an extension of the 60-day

deadline from the SSA. ECF 9-1, at 7; *see* Podroza Decl. ¶ 3(b). The Commissioner further asserts that "there are no circumstances in this case that justify equitable tolling of the 60-day stat[ute] of limitations." ECF 9-1, at 7. Despite the Rule 12/56 notice, Plaintiff has not responded to the Commissioner's motion.

Considering the foregoing, on the evidence before the Court, Plaintiff's complaint is untimely. The Appeals Council mailed Plaintiff notice of its decision on January 22, 2024. Podroza Decl. ¶ 3(a); *see* Ex. 2. Attached to Plaintiff's complaint is the Appeals Council's notice of its decision dated January 22, 2024. *See* ECF 1-2. Plaintiff's deadline to file a civil action was therefore March 27, 2024.[3] ECF 9-1, at 6. As such, Plaintiff's filing of the complaint on April 3, 2024, was untimely. Despite her diligent efforts pursuing her claim at the administrative level, she has not demonstrated that she has diligently pursued her claim at the district court level. This Court has previously declined to toll the deadline where the claimant filed the complaint as little as one day late. *See Clark v. Comm'r of Soc. Sec.*, No. SAG- 16-4009, 2017 WL 2266195, at *1 (D. Md. May 24, 2017). Because Plaintiff does not present any evidence that she either sought an extension of the 60-day deadline or that there are circumstances justifying equitable tolling, this Court is constrained to find Plaintiff's complaint as untimely filed. Summary judgment is therefore appropriate against Plaintiff for her untimely complaint.

For the reasons set forth herein, the Commissioner's motion to dismiss, ECF 9, is treated as a motion for summary judgment and GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

[3] The 60-day statutory period begins running from the day "notice of such decision is received by the individual." 42 U.S.C. § 405(g). The date of receipt is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Here, the Appeals Council's notice was dated January 22, 2024. ECF 9-1, at 6; Podroza Decl. ¶ 3(a); Ex. 2, at 1. The 60-day period began running five days after that on January 27. Therefore, 60 days later, March 27, 2024, was the deadline.